## CIRCUIT COURT OF FAIRFAX COUNTY

John W. Skoglund

v.

Ideal Electronic Security Co., Inc.

March 30, 1998

Case No. (Law) 161110

BY JUDGE ARTHUR B. VIEREGG, JR.

This case came before the court on March 16, 1998. The plaintiff, John W. Skoglund, filed this action in general district court seeking unpaid wages and overtime wages. The defendant, Ideal Electronic Security Company, Inc. ("IESC"), removed the case to this court on April 29, 1997.

Skoglund worked for IESC converting bank alarm security systems from May, 1996, until he resigned in November, 1996. He worked as an hourly employee receiving an hourly wage of $15.45. Skoglund argues that he worked an average of fifty hours per week; however, because of IESC's policy against paying employees overtime, he was not compensated for any of the overtime hours he worked. Skoglund further claims IESC promised to pay him a twenty-five dollar bonus for each bank security alarm conversion he completed.

The Fair Labor Standards Act prohibits an employer from employing an employee for more than forty hours per week, unless the employee receives compensation for his employment above forty hours at a rate not less than one and one-half times his regular rate. 29 U.S.C. § 207(a)(1). In this case, Skoglund seeks damages for uncompensated overtime for work performed installing ATM security alarms, for travel time between the different job sites, and for the overtime required to complete the necessary paperwork that accompanied the job. Additionally, Skoglund seeks liquidated damages and

attorney's fees, as permitted under the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b).

Skoglund first claims that he is entitled to overtime wages for uncompensated work he performed each day installing ATM security systems. He bases this claim on the approximate number of hours he worked per week. In order to maintain an action for uncompensated overtime hours, an employee need not prove the exact number of hours worked. An employer is required to maintain accurate records to assure that all workers are paid for every hour worked. 29 U.S.C. § 211(c). An employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty to maintain accurate records. *See Williams v. Tri-county Growers, Inc.,* 747 F.2d 121, 128 (4th Cir. 1984) *citing Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). The employee bears the initial burden of proving that he performed work for which he was not properly compensated. If, however, the employee establishes that the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of the number of hours worked. *Anderson,* 328 U.S. at 687. At that point, the burden shifts to the employer to present evidence negating the inference to be drawn from the employee's evidence. *Id.* at 687-88.

I find that Skoglund has established that IESC did not keep an accurate record of the number of hours he worked. Therefore, he need only introduce evidence to support a reasonable inference of the number of hours he worked to shift the burden to IESC to disprove his estimate. Based on the evidence, however, I do not find that Skoglund has introduced evidence sufficient to support his burden. Skoglund's evidence of uncompensated overtime hours worked installing ATM systems consists merely of his own testimony that employees spent "approximately two hours every day" installing ATM systems or "helping out others." However, Skoglund also testified that some days the particular job involved a single ATM, and on other days, the job involved entire banks. Furthermore, Skoglund did not demonstrate that time spent helping others was mandated by his employer. In view of the disparate testimony regarding the extent of each day's job, I find Skoglund's conclusory statements are insufficient to support a reasonable inference as to overtime hours he worked, and they are not awarded.

Skoglund's second claim for uncompensated overtime is for the time he spent each day completing paperwork required by IESC. While Skoglund testified that he spent one and one-half hours a day completing this paperwork, I find that other testimony presented by him demonstrates that this

task required only one hour of time. Therefore, Skoglund is entitled to receive overtime compensation for completing one hour of paperwork per day.

Skoglund's third claim for overtime wages is based on uncompensated travel time between jobs. I find that travel time was a requirement of Skoglund's job with IESC. IESC does not dispute this fact and stipulates that Skoglund is entitled to recover this amount.

Lastly, Skoglund claims that IESC promised him a twenty-five dollar bonus for each bank alarm conversion he completed. He claims that he completed twenty-nine banks; yet, he has not received any bonuses. I find the evidence insufficient to support his claim. different witnesses did testify about the existence of a bonus system; however, the evidence was in conflict as to what preconditions entitled an employee to collect a bonus. More importantly, Skoglund did not demonstrate that he satisfied those conditions for each bank for which he claims he is entitled to receive a bonus.

In addition to compensatory damages, Skoglund argues that he is entitled to collect liquidated damages. Liquidated damages are recoverable under the Fair Labor Standards Act. 29 U.S.C. § 216(b). The Act permits a claimant to recover an additional amount equal to the unpaid wages or overtime compensation awarded, which, in essence, permits a double recovery. A court may decline to assess these otherwise mandatory damages if the employer demonstrates that it acted in good faith with reasonable grounds to believe it was not violating the Fair Labor Standards Act. 29 U.S.C. § 260. In this case, I find that IESC has not borne its plain and substantial burden of demonstrating that its failure to obey the statute was in good faith, *Williams*, 747 F.2d at 129, and liquidated damages are recoverable.

The Fair Labor Standards Act further permits a claimant to recover reasonable attorney's fees and costs from the employer. 29 U.S.C. § 216(b). However, in this case, I find that Skoglund has not proved these damages. No affidavits or time sheets have been submitted as evidence of the proper amount of attorney's fees to award. For that reason, attorney's fees will not be awarded in this case.

Based on the foregoing, I find that Skoglund may recover damages for uncompensated overtime for travel time between jobs and for the time worked completing work-related paperwork. Damages for travel time are based on two hours a day for fourteen weeks (from the week of June 17, 1996, through the week of October 14, 1996) for a total of 104 hours. Damages for paperwork are based on one hour per day for twelve weeks for a total of 60 hours. Therefore, Skoglund is entitled to recover $3,800.70 in compensatory damages (based on 164 hours x ($15.45 x 1.5)). Since IESC has not borne its

burden of demonstrating that its failure to obey the statute was in good faith, Skoglund is awarded $3,800.70 in liquidated damages. For the reasons stated above, attorney's fees are not recoverable.